UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cassandra Hoff,<br><br>Plaintiff,<br><br>vs.<br><br>GC Services Limited Partnership,<br><br>Defendant. | Civil File No:_____<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and under 28 U.S.C. § 1367 for pendent state claims.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and for Defendant's wrongful conversion of Plaintiff's personal property.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Cassandra Hoff ("Hoff" or "Plaintiff") is a natural person residing in the County of Meeker, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC Services Limited Partnership ("GC" or "Defendant"), upon information and belief, is a foreign limited partnership that operates as a debt

collection agency from an address of 6330 Gulfton, Houston, Texas 77081.  GC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with Sallie Mae, who is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Sometime on or before September 2011, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

9. Sometime in early September 2011, Plaintiff contacted GC in order to make payments on the debt with Sallie Mae.

10. Plaintiff agreed to make two payments in the amount of $100.00 with one payment being made on September 16, 2011, and the other payment being made on September 30, 2011.

11. Plaintiff did not have enough funds in her bank account in order to cover the first payment on September 16, 2011.

12. On or about September 25, 2011, Plaintiff contacted GC and was told by a representative from the GC that she needed to pay $200.00 by the end of the month and that the payment of $100.00 would not be taken out of her bank account on September 30, 2011 because the $100.00 payment on September 16, 2011 "bounced."

13. On or about September 30, 2011, Plaintiff contacted GC again in order to set up an electronic payment in the amount of $200.00.

14. On or about October 3, 2011, GC caused $200.00 to be deducted from Plaintiff's checking account as expressly authorized by Plaintiff.

15. On or about October 3, 2011, GC also caused $100.00 to be deducted from Plaintiff's checking account even though Plaintiff was told that $100.00 would not be deducted from her account and that Plaintiff revoked her express authorization to deduct that amount.

16. GC violated 15 U.S.C. §§ 1692e and 1692e(10) because GC falsely represented that a payment in the amount of $100.00 would not be automatically withdrawn from Plaintiff's checking account.

17. GC violated 15 U.S.C. §§ 1692f and 1692f(1) because GC falsely represented that a payment in the amount of $100.00 would not be automatically withdrawn from Plaintiff's checking account.

18. As a direct result of GC's acts and omissions, Plaintiff was unable to make it to a doctor's appointment because she did not have enough money to put gasoline in her car and she was unable to pay her rent.

19. GC's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety as a result of GC's acts and omissions.

20. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of GC's acts and omissions.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

22. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

23. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

24. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

25. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

26. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## CONVERSION

27. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

28. Defendant interfered with Plaintiff's right to possession of her personal property by fraudulently deducting funds from Plaintiff's checking account, thereby causing damage to Plaintiff.

29. Defendant intended to interfere with Plaintiff's right to possession of her personal property.

30. Defendant deprived Plaintiff of her right to possession to her personal property.

31. As a result, Plaintiff is entitled to actual and compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

### COUNT II: CONVERSION

- For actual and compensatory damages for Conversion in a reasonable amount in excess of $50,000.00, against Defendant.

5

Dated:  December 28, 2011.	**MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
     Patrick L. Hayes (0389869)
     William C. Michelson (129823)
     Attorneys for Plaintiff
     3101 Irving Avenue South
     Minneapolis, Minnesota 55408
     Telephone: 612-821-4817